FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 17 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DWIGHT CLARE, on behalf of himself
and others similarly situated,

    *Plaintiffs*,

v.

SIMPLY LOGISTICS, INC.,
and ATLANTIC PACIFIC LOGISTICS
NETWORK INC.,

    *Defendants*.

CASE NO:

CLASS ACTION COMPLAINT

JURY TRIAL

CV 11 5629

SUMMONS ISSUED

SEYBERT, J

TOMLINSON

Plaintiff DWIGHT CLARE, by his attorney, Andrew R. Frisch of Morgan and Morgan, P.A., as and for his complaint against Defendants SIMPLY LOGISTICS, INC., and ATLANTIC PACIFIC LOGISTICS NETWORK INCORPORATED, upon information and belief, respectfully alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff complains on behalf of himself, and a class of other similarly situated Truck Driver employees of Defendants ("Drivers" or "The Class"), pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work performed within the six (6) years immediately preceding the filing of this Complaint, for which they did not receive overtime premium pay as required by the New York Labor Law and the supporting New York State Department of Labor regulations, more specifically, §§ 650 et seq., 12 NYCRR § 142.2.2. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover monetary relief, including damages and attorneys' fees, as well as declaratory relief.

2.     Plaintiff further complains on behalf of himself, and a class of other

1

similarly situated Truck Driver employees of Defendants ("Drivers" or "The Class"), pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work performed within the two (2) years immediately preceding the filing of this Complaint, for which they did not receive overtime premium pay as required by the New Jersey Wage and Hour Law ("NJWHL"). Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover monetary relief, including damages and attorneys' fees, as well as declaratory relief.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and the subject matter of this class action pursuant to 28 U.S.C. § 1332(d) because: (a) there is diversity of citizenship between at least one member of the class and Defendants, and (b) the amount in controversy exceeds $5 million, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Plaintiff performed the vast majority of his work (approximately 90%) for Defendants within the Eastern District of New York.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201.

## THE PARTIES

6. Plaintiff was an employee of Defendants, who performed significant work driving Defendants' trucks, on behalf of Defendants in, among others, Queens, Kings, Nassau and Suffolk Counties, New York.

7. Plaintiff, at all times relevant hereto, resided and continues to reside in the State of New Jersey.

8. Defendant, SIMPLY LOGISTICS INC ("SLI"), is a New Jersey Profit Corporation, that operates and conducts business in the Eastern District of New York, and is within the jurisdiction of this Court.

9. Defendant, ATLANTIC PACIFIC LOGISTICS NETWORK INCORPORATED ("APLNI"), is a Delaware Profit Corporation, that, at all times relevant hereto, operated and conducted business in the Eastern District of New York, and is within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

10. At all times relevant to this action, Plaintiff was an employee of Defendants, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651 (5) and 651 (6).

11. At all times relevant to this action, Plaintiff was an employee of Defendants, as defined by NJWHL §§ 34:11-56a *et seq*.

12. At all times relevant to this action, Defendants were Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651 (5) and 651 (6).

13. At all times relevant to this action, Defendants were Plaintiff's employer as defined by NJWHL §§ 34:11-56a *et seq*.

14. Plaintiff alleges that under the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 *et seq*. (collectively, "NYLL"), he is entitled to unpaid overtime wages from Defendants for his work beyond 40 hours per week; unpaid spread of hours payments from Defendants from each day he worked more than 10 hours; liquidated damages equal to 100 percent of his unpaid minimum and overtime wages; and attorney's fees and costs.

15. Plaintiff further alleges that under the NJWHL §§ 34:11-56a *et seq*., and N.J.A.C. §§ 12:56-19.1 through 12:56-19.3 (collectively "NJWHL"), he is entitled to

3

unpaid overtime wages from Defendants for his work beyond 40 hours per week; applicable interest on such unpaid overtime amounts due; and attorney's fees and costs.

16. In the course of employment with Defendants, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

17. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody of the Defendants.

## CLASS ALLEGATIONS

18. Plaintiff sues on his own behalf and on behalf of other "Driver" employees of Defendants, pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

### A. NYLL Claim

19. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since November 1, 2005, to the entry of judgment in this case (the "Class Period"), who were non-exempt "Driver" employees within the meaning of the New York Labor Law and have not been paid for overtime wages as required in violation of the New York Labor Law (the "NY Class"), more specifically, New York Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

20. The persons in the NY Class identified above are so numerous that joinder of all members is impracticable.

21. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, there are hundreds of members of the NY Class during the Class Period.

4

22. The claims of Plaintiff are typical of the claims of the NY Class, and a class action is superior to the available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resourced to vigorously prosecute a lawsuit in federal court against corporate defendants.

23. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "Drivers" who worked for Defendants within the State of New York within the last six (6) years who were not compensated at time-and-one-half their regular rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

24. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

25. Plaintiff is committed to pursuing this action and has retained competent counsel experiences in employment law and class action litigation.

26. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the NY Class.

27. There are questions of law and fact common to the NY Class with predominate over any questions solely affecting the individual members of the NY Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants filed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs and disbursements and attorney's fees; and

f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

### B. NJWHL Claim

28. Plaintiff brings his NJWHL Claim on behalf of all persons who were employed by Defendants at any time since November 2009, to the entry of judgment in this case (the "Class Period"), who were non-exempt "Driver" employees within the State of New Jersey and who have not been paid proper overtime, as required, in violation of the NJWHL (the "NJ Class").

29. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

30. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, there are hundreds of members of the NJ Class during the Class Period.

31. The claims of Plaintiff are typical of the claims of the NJ Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

32. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

33. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "technicians" who worked for Defendants within the State of New Jersey within the last two (2) years who were not compensated at time-and-one-half their regular rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

34. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

35. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the NJ Class.

36. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of NJWHL;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the NJ Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the NJ Class proper overtime premiums for hours worked in excess of forty (40) hours each week;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to unpaid wages, interest, costs, disbursements and attorney's fees; and

f. whether the Defendant should be enjoined from such violations of the NJWHL in the future.

## STATEMENT OF FACTS

37. At all relevant times, Defendants were a "trucking industry employer" as defined by N.J.A.C. §§ 12:56-19.1 *et seq.*

38. At all times relevant hereto, Defendants were covered "employers" under the NYLL.

39. At all times relevant hereto Defendants were covered "employer" under the NJWHL.

40. At all times relevant hereto, Defendants engaged in significant business operations within the jurisdiction and venue of this division and this Court.

41. Starting in approximately October 2007 and continuing until approximately June 2011, Plaintiff was employed as a "Driver" by the Defendants.

42. In this capacity, Plaintiff was employed out of Defendants' Elizabeth, New Jersey facility, but performed the substantial amount work (approximately 90%) of his work for Defendants within the Eastern District of New York.

43. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

44. The work performed by Plaintiff required little skill and no capital investment.

45. Plaintiff's duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

46. In exchange for work performed by Plaintiff, Defendants paid Plaintiff an hourly wage.

47. Plaintiff often worked in excess of 40 hours a week, yet the Defendants failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate.

48. The aforesaid failure to pay Plaintiff one and one-half times his regular hourly rate for such overtime hours violated the NYLL.

49. The aforesaid failure to pay Plaintiff one and one-half times his regular hourly rate for such overtime hours violated the NJWHL.

50. Defendants' aforesaid violations of the NYLL were willful in nature.

51. Defendants' aforesaid violations of the NJWHL were willful in nature.

52. Plaintiff was employed by the Defendants from in or about October 2007 until June 2011. Throughout that time and, upon information and belief, both before that time (throughout the NY and NJ Class Periods) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (The NY and NJ

Classes respectively) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent discretion and judgment.

53. Members of the NY and NJ Classes were likewise paid an hourly wage at all times relevant hereto.

54. Members of the NY Class have worked in excess of 40 hours per week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the NYLL.

55. Members of the NJ Class have worked in excess of 40 hours per week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the NJWHL.

56. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

57. Throughout all relevant time periods, *upon information and belief,* and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and The NY Class, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the NYLL.

58. Throughout all relevant time periods, *upon information and belief,* and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and The NJ Class, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the NJWHL.

## FIRST CAUSE OF ACTION
## OVERTIME COMPENSATION (NYLL)

59. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 58 above.

60. The Class period for this cause of action is November 2005 to the present, and continuing.

61. At all time relevant hereto, the NYLL was in full force and effect.

62. Throughout Plaintiff's employ, and throughout the NY Class Period, Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the NYLL and its implementing regulations.

63. Throughout Plaintiff's employ, and throughout the Class Period, Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the NYLL.

64. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, unpaid spread of hours compensation, an additional equal amount as liquidated damages and reasonable attorney's fees, and costs of the action, pursuant to the NYLL.

## SECOND CAUSE OF ACTION
## OVERTIME COMPENSATION (NJWHL)

65. Plaintiff, on behalf of himself and the members of the Class, re-allege and incorporate by reference paragraphs 1 through 58 as if they were set forth again herein.

66. The Class period for this cause of action is November of 2009 to the present, and continuing.

67. At all times material hereto, the NJWHL was in full force and affect.

68. At all relevant times, Plaintiff and the members of the NJ Class were employed by the Defendants within the meaning of the NJWHL and otherwise subject to the overtime requirements of the NJWHL.

69. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them proper overtime wages for all hours worked each workweek, in violation of the NJWHL.

70. The Defendants' violations of NJWHL, have caused Plaintiff, and the members of the NJ Class, irreparable harm for which there is no adequate remedy at law.

71. Due to the Defendants' violations of NJWHL, Plaintiff and the members of the NJ Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to the NJWHL.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

i. Certification of this action as a class action pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the members of the NY Class and appointing Plaintiff and his counsel to represent the Class;

ii. Certification of this action as a class action pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the members of the NJ Class and appointing Plaintiff and his counsel to represent the Class;

iii. Declare Defendants' conduct complained of herein to be a violation of Plaintiff's rights under the NYLL and the NJWHL;

iv. Award Plaintiff unpaid overtime wages, spread of hours compensation, and overtime compensation under the NYLL and an additional 100% as liquidated damages, pursuant to the NYLL;

v. Award Plaintiff unpaid overtime wages, and other damages pursuant to the NJWHL;

vi. Award Plaintiff prejudgment interest;

vii. Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

Dated: November 1, 2011

Respectfully submitted,

MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
Tel: 954-318-0268
Fax: 954-318-0268

_____
Andrew Frisch, Esq.
EDNY Bar No.: AF5709
Trial Counsel for Plaintiff